FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Feb 7, 2018

OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

**STARNET INSURANCE COMPANY**                                   **PLAINTIFF**

                                                    18-2026

V.                              CASE NO. _____

**SHEPARD GROUP, LLC;**
**DONNA SLOAN, Individually and**
**As Administrator of the Estate of**
**PHILLIP SLOAN, Deceased and on**
**Behalf of the wrongful death beneficiaries**
**Of Phillip Sloan; AMANDA SLOAN BAKER;**
**BRAEDON CHASE NIGHT; and ROSS GOODNER**              **DEFENDANTS**

### COMPLAINT FOR DECLARATORY JUDGMENT

Comes now, Plaintiff, StarNet Insurance Company (hereinafter, "StarNet"), by and through its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its Complaint for Declaratory Judgment over and against Defendants Shepard Group LLC, Donna Sloan, Individually and as Administrator of the Estate of Phillip Sloan, Deceased and on behalf of the wrongful death beneficiaries of Phillip Sloan; Amanda Sloan Baker; Braedon Chase Night; and Ross Goodner, herein states:

1.      StarNet is a Delaware corporation authorized to do business in the State of Arkansas.

2.      Separate Defendant Shepard Group LLC is an Arkansas Limited Liability Company with its principal place of business in Mena, Polk County, Arkansas.

3.      At all times pertinent to this Complaint Phillip Sloan was a resident of Polk County, Arkansas. Separate Defendant Donna Sloan was the spouse of Phillip Sloan. Pursuant to Letters of Administration issued by the Polk County Probate Court, Donna Sloan is the Administrator of the Estate of Phillip Sloan. Separate Defendant Donna Sloan as Administrator of the Estate of Phillip Sloane is authorized to bring claims on behalf of the Estate of Phillip

Sloan and on behalf of the wrongful death beneficiaries of Phillip Sloan who are Amanda Sloan Baker and Braedon Chase Night.

4.      Amanda Sloan Baker is a resident of Mena, Polk County, Arkansas.

5.      Braedon Chase Night is a resident of Mena, Polk County, Arkansas.

6.      Separate Defendant Ross Goodner is a resident of Mena, Polk County, Arkansas.

7.      This Court has jurisdiction over the parties and the subject matter herein pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens or subjects of different states.

8.      All of the defendants are residents of Mena, Polk County, Arkansas, which sits in the Western District of Arkansas. Accordingly, pursuant to 28 U.S.C. § 1391, venue is proper in this Court.

9.      On December 29, 2015, StarNet issued an Insurance Policy No. BA-15-12-00256 (hereinafter at times, the "Policy"), to its insured, Shepard Group LLC, which insured a number of aircraft owned by Shepard Group, LLC. On April 20, 2016, the Policy was amended by Endorsement to add coverage for a single engine 1959 Cessna 175, registration N6649E, serial number 56149 (hereinafter, the "Aircraft"), owned by Shepard Group LLC. *See* Exhibit 1, a certified copy of Policy No. BA-15-12-00256, attached hereto and incorporated herein.

10.     On February 11, 2016 the Federal Aviation Administration issued Phillip Sloan a private pilot's license with an aircraft single engine land rating.

11.     Philip Sloan logged 166.3 total flight hours through May 28, 2016. The first 145.8 hours were flown between 1977 and 1990. The remaining 20.5 hours were logged in the six months preceding the accident, and all of those 20.5 hours were flown in the Aircraft.

12.     Phillip Sloan was not a named insured on Shepard Group LLC's Policy.

13.     Separate Defendant Ross Goodner was not a named insured on Shepard Group LLC's Policy.

14.     Phillip Sloan and Separate Defendant Ross Goodner were hired by Separate Defendant Shepard Group LLC to perform aerial survey work in Star City, Lincoln County, Arkansas.

15.     On June 8, 2016, pilot Phillip Sloan and Separate Defendant Ross Goodner were involved in a single aircraft accident in flight, while Philip Sloan was attempting to land the Aircraft in a field.

16.     While attempting to land, pilot Phillip Sloan touched a tire to the ground, clipped a tree stump, the Aircraft's cowling then struck the ground, and the Aircraft flipped upside down, resulting in the death of Phillip Sloan, injury to passenger Separate Defendant Ross Goodner, and damage to the Aircraft.

17.     As a result of the aircraft accident, Separate Defendant Donna Sloan, as Administrator of the Estate of Phillip Sloan, Deceased and on behalf of the wrongful death beneficiaries of Phillip Sloan, along with Separate Defendant Ross Goodner filed suit over and against Separate Defendant Shepard Group LLC on August 28, 2017 in the Circuit Court of Polk County, Arkansas, alleging that Shepard Group LLC was negligent, breached its duty of care and placed Phillip Sloan in an unreasonably dangerous situation. *See* Exhibit 2, a file-marked copy of the Complaint at ¶28, attached hereto and incorporated herein.

18.     Separate Defendant Donna Sloan individually, Amanda Sloan Baker, Braedon Chase Night, and Separate Defendant Donna Sloan as Administrator on behalf of the Estate of Phillip Sloan sought all damages available under Arkansas negligence, wrongful death, and survival statutes, including but not limited to mental anguish and loss of consortium, and for all

3

damages for injuries for which Phillip Sloan suffered prior to his death which were proximately caused by Shepard Group LLC's negligence and conduct, and those damages accruing to his Estate as a result of his death, including but not limited to funeral expenses and other damages as allowed by law. *Id.*

19.     Separate Defendant Donna Sloan individually, Amanda Sloan Baker, Braedon Chase Night, and Separate Defendant Donna Sloan as Administrator on behalf of the Estate of Phillip Sloan also prayed for such further relief both at law and in equity to which the beneficiaries and the Estate may be entitled. *Id.*

20.     Ross Goodner sought damages for bodily injuries, physical pain, and mental anguish. *Id.* at ¶29.

21.     Separate Defendant Donna Sloan individually, Amanda Sloan Baker, Braedon Chase Night, and Separate Defendant Donna Sloan as Administrator on behalf of the Estate of Phillip Sloan and Ross Goodner sought prejudgment and post-judgment interest, compensable court costs and punitive damages. *Id.* at ¶30 and the Prayer for Relief.

22.     The Policy's Coverage D Single Limit Bodily Injury and Property Damage, including Passengers is $1,000,000 for each Occurrence. Passenger Liability Limited to $100,000 for each Passenger.

23.     Separate Defendant Shepard Group LLC has sought coverage under its StarNet Policy No. BA-15-12-00256, and requested StarNet provide it with coverage and a defense in the civil suit. To date, StarNet has provided Separate Defendant Shepard Group LLC with a defense under Reservation of Rights while it completed its investigation of whether the Policy provides coverage for the damages arising from this accident.

24.     Policy No. BA-15-12-00256 states in relevant part:

**EXCLUSIONS**

4

This policy does not apply:

**2.**     To any **Insured** while the **Aircraft** is **In Flight**

(a)     if piloted by other than the pilot or pilots designated in the Declarations;

**DEFINITIONS**

When appearing in **bold** in this policy,

**In Flight**     means the time commencing with the actual takeoff run of the **Aircraft** and continuing thereafter until it has completed its landing roll or, if the **Aircraft** is a rotorcraft, from the time the rotors start to revolve under power for the purpose of flight until they subsequently cease to revolve after landing. Or if this **Aircraft** is a balloon, while being inflated until it is deflated.

**Insured**     The unqualified word **Insured** wherever used in this policy with respect to Coverage A, B, C and D, includes not only the **Named Insured** but also any person while using or riding in the **Aircraft** and any person or organization legally responsible for its use, provided the actual use is with the express permission of the **Named Insured**.

**Occurrence**     means an accident, including continuous or repeated exposure to conditions, which results in **Bodily Injury** or **Property Damage** during the policy period, neither expected nor intended from the standpoint of the **Insured**. In the event of continuing or progressive **Bodily Injury** or **Property Damage** otherwise covered by the policy happening over an extended period of time, such **Bodily Injury** or **Property Damage** shall be deemed to be one **Occurrence**, and shall be deemed to occur only when such **Bodily Injury** or **Property Damage** first commences.

25.     Effective April 20, 2016, the following Endorsement was issued, which amended the Endorsements to add the Aircraft to the Policy and to define who is a pilot covered by the Policy for the Aircraft:

**Item 6** Pilots:  When In Flight this Aircraft will be piloted by the following pilot(s) provided each has a valid pilot's certificate including a current and valid medical certificate appropriate for the flight and the Aircraft flown:

| NAME OF PILOT: | REQUIREMENTS: |
| --- | --- |
| Michael T. Shephard | Provided he holds a current FAA issued Private or more advanced Pilot Certificate with a Single-Engine Rating and a current and valid Medical Certificate for the aircraft and flight involved. |

Any pilot that meets the following Open Pilot Warranty criteria and completion of the following pilot training conditions and/or requirements:

Provided he holds a current FAA issued Private or more advanced Pilot Certificate with a Single-Engine Rating and a current and valid Medical Certificate for the aircraft and flight involved, and minimum logged time of 250 total pilots hours and 25 hours in the make and model insured.

*See* Exhibit 1.

5

26.     StarNet's investigation of coverage with regard to the accident has now been completed.

27.     The Aircraft hit a tree stump while attempting to land, and came to rest in an inverted position approximately 40 feet from the stump.

28.     The Aircraft did not complete a landing roll, and accordingly was still In Flight when the Occurrence resulting in the Bodily Injury (including any giving rise to Medical Expense), Property Damage, and Aircraft and Physical Damage occurred.

29.     The Pilot Flight Record and Log Book obtained from counsel for Separate Defendant Donna Sloan Individually and as Administrator and Ross Goodner shows that pilot Phillip Sloan did not have the minimum logged time of 250 total pilots hours and 25 pilots hours in the make and model insured, both of which are required before the Policy's coverage applies to this Aircraft when In Flight.

30.     Because at the time of the accident Phillip Sloan was piloting the Aircraft having logged less than the required minimum logged time of 250 total pilots hours and 25 pilots hours in the make and model of the insured Aircraft, coverage is excluded under the Policy. Therefore, there is no coverage under the Policy for the claims of Separate Defendants Shepard Group LLC, Donna Sloan, Individually and as Administrator of the Estate of Phillip Sloan, Deceased and on behalf of the wrongful death beneficiaries of Phillip Sloan, Amanda Sloan Baker, Braedon Chase Night, and Ross Goodner, and as a result, StarNet requests a declaration of same from this Court.

31.     Based on the above-quoted Policy exclusions, which are good and valid exclusions under Arkansas law, StarNet contends that there is no coverage under the Policy of insurance for any Bodily Injury (including to any Passenger), Property Damage, Medical Expense or Aircraft and Physical Damage arising out of the June 8, 2016 aircraft accident, nor is

there any duty on StarNet's part to defend and/or indemnify Separate Defendant Shepard Group LLC in the suit filed against it arising out of this accident.

32.     StarNet is entitled to a Declaratory Judgment pursuant to Arkansas Code Annotated §§ 16-111-101 *et. seq.*, and Rule 57 of the Federal Rules of Civil Procedure, that there is no coverage under StarNet Policy No. BA-15-12-00256, for any Bodily Injury (including to any Passenger), Property Damage, Medical Expense, or Aircraft and Physical Damage sustained by any party, arising out of the June 8, 2016 aircraft accident, and further seeks a declaration that there is no duty on StarNet's part to provide a defense and/or indemnity to Separate Defendant Shepard Group LLC, in any suit filed against it to date, or which may be filed against it in the future, nor any duty to pay any Settlement reached and/or Judgment obtained by any party against it.

WHEREFORE, premises considered, Plaintiff, StarNet Insurance Company, prays this Court enter an Order granting upon this Complaint for Declaratory Judgment, declaring there is no coverage under StarNet's Policy No. BA-15-12-00256 for any for any Bodily Injury (including to any Passenger), Property Damage, Medical Expense, or Aircraft and Physical Damage sustained by any party, arising out of the June 8, 2016 aircraft accident, and further seeks a declaration that there is no duty on StarNet's part to provide a defense and/or indemnity to Separate Defendant Shepard Group LLC in any suit filed against it to date arising from this aircraft accident, or which may be filed against it in the future with regard to same, nor any duty to pay any settlement that may be reached in any such suit, judgment which may be obtained any such suit, or costs and/or attorney's fees incurred by or awarded to any party, and for its costs, attorney's fees and all other just and proper relief to which it may show itself entitled.

7

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
5414 Pinnacle Point Drive, Ste. 500
Rogers, AR 72758
Phone: (479) 464-5696
Facsimile: (479) 878-6918

By:_____

      Stuart P. Miller (88137)
      Email:  smiller@mwlaw.com


*Attorneys for STARNET INSURANCE COMPANY*